IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>EUGENE T. COSEY,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION TO AMEND JUDGMENT<br><br><br><br>Case No. 2:09-CR-406 TS |

This matter is before the Court on Defendant's Motion to Amend Judgment.[1] Defendant requests that the Court amend the Judgment in this case to recommend that he be released prior to the Christmas holiday. For the reasons discussed below, the Court will deny Defendant's Motion to Amend.

I. BACKGROUND

Defendant was named in a three-count Indictment on June 24, 2009. The Government subsequently sought dismissal of Count III of the Indictment and the Defendant proceeded to trial on Counts I and II. On December 3, 2009, Defendant was found guilty of Count I by a jury

---

[1] Docket No. 106.

1

verdict. Defendant was sentenced to 40 months in Bureau of Prisons ("BOP") custody with a term of 36 months supervised release to follow. On April 18, 2012, Defendant was released from custody and began his term of supervision. Defendant was taken into custody on August 8, 2012, on allegations that he had violated the terms of his supervised release. At a preliminary revocation hearing held September 24, 2012, Defendant admitted to violating the terms of his supervision. In a subsequent hearing, the Court sentenced Defendant to 6 months in BOP custody with 24 months of supervised release to follow.

Defendant now moves to amend the judgment to allow for his release in less than 6-months time, in order for Defendant to spend the holiday season with his family.

## II. DISCUSSION

"A district court does not have inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory authorization."[2] Because Defendant's Motion is not a direct appeal or a collateral attack under 28 U.S.C. § 2255, his Motion depends on 18 U.S.C. § 3582(c)[3] or Federal Rule of Criminal Procedure 36.

"Section 3582(c) . . . provides three avenues through which the court may 'modify a term of imprisonment once it has been imposed.'"[4]

> A court may modify a sentence: (1) in certain circumstances "upon motion of the Director of the Bureau of Prisons"; (2) "to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure"; or (3) "upon motion of the defendant or the Director of the Bureau of Prisons," or on

---

[2]*United States v. Mendoza*, 118 F.3d 707, 709 (10th Cir. 1997).

[3]*See United States v. Smartt*, 129 F.3d 539, 540 (10th Cir. 1997).

[4]*United States v. Blackwell*, 81 F.3d 945, 947 (10th Cir. 1996).

the court's own motion in cases where the applicable sentencing range "has subsequently been lowered by the Sentencing Commission."[5]

Section 3582(c) does not apply to this case. There is no motion from the Director of the Bureau of Prisons, nor has Defendant's sentencing range been lowered by the Sentencing Commission. Rule 35 is equally inapplicable. Rule 35(a) provides that "the court may correct a sentence that resulted from arithmetical, technical, or other clear error." Defendant does not point to any arithmetical, technical, or other clear error in his sentence. Rule 35(b) provides for a reduction upon motion of the Government. Here, there is no motion by the Government, though the Government has not filed an opposition to Defendant's Motion. For these reasons, Section 3582(c) and Rule 35 are inapplicable. Thus, the Court turns to Federal Rule of Criminal Procedure 36.

Rule 36 provides: "After giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." There is no such error here, therefore, Rule 36 is inapplicable.

For these reasons, the Court finds that it is without authority to amend the judgment in this case to release Defendant prior to the Christmas holiday.

III. CONCLUSION

It is therefore

ORDERED that Defendant's Motion to Amend Judgment (Docket No. 106) is DENIED.

---

[5] *Id*. at 947–48 (quoting 18 U.S.C. §§ 3582(c)(1)(A), (c)(1)(B), (c)(2)).

DATED   December 7, 2012.

BY THE COURT:

_____
TED STEWART
United States District Judge